UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 DEC -1  A 11: 50

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| PEARL MENENDEZ | * | CIVIL ACTION |
| versus | * | NO. 06-8217 |
| LAFAYETTE INSURANCE COMPANY | * | SECTION "F" |

### ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

### Background

The winds from Hurricane Katrina damaged Pearl Menendez's home in Buras, Louisiana, which is located in Plaquemines Parish. She filed claims under her homeowner's policy, but State Farm only paid a nominal amount of the claim, qualifying the damage as flood damage, which it stated is not covered under her policy. Menendez filed a lawsuit against State Farm in state court on August 24, 2006, claiming the balance for repairs and living expenses, plus penalties allowed under Louisiana law.

State Farm removed the case to this Court on October 16, 2006, arguing that the lawsuit is properly removed because this Court has original federal subject matter or supplemental jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), 28 U.S.C. §§ 1369 and 1441(e)(1).

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

Menendez now moves to remand, arguing that the MMTJA does not apply, and that the case should be remanded because the Court has no subject matter jurisdiction to hear the case.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time.  See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

Additionally, multiple Sections of this Court have considered whether the Multiparty, Multiforum Trial Jurisdictional Act, 28 U.S.C. § 1369(a), provides original or supplemental jurisdiction for lawsuits filed as a result of Hurricane Katrina. Unanimously, judges in this Court have agreed that it does not, in part because Hurricane Katrina is not classified by the Court as an "accident."  See, e.g., Salvaggio v. Safeco Property & Cas. Ins. Co., 2006 WL 3068971 (E.D. La. Oct. 25, 2006)(Feldman, J.); Berry v. Allstate Ins. Co., No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); Flint v. La. Farm Bureau Mut. Ins. Co., No.

2

06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006) (Duval, J.); So. Athletic Club, LLC v. Hanover Ins. Co., No. 06-2005, 2006 WL 2583406 (Sept. 6, 2006) (Lemmon, J.); Southall v. St. Paul Travelers Ins. Co., No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (Barbier, J.).

In this case, although the parties appear to be diverse, the amount-in-controversy requirement for diversity jurisdiction is not met. Although Menendez pled in her original complaint a request for the amount of their homeowners' policy limit plus penalties allowed under Louisiana law, she bound herself irrevocably by expressly stipulating in the complaint that the requested aggregated damages "is less than the $75,000 jurisdictional limit of the United States District Courts." claims

This fact-pattern is similar to the facts in Engstrom v. L-3 Communications Gov't Svcs., Inc., 2004 WL 2984329, at *5 (E.D La. Dec. 23, 2004)(relying on DeAguilar v. Boeing, 47 F.3d 1404 (5th Cir. 1995)), where Judge Englehart held that a similar stipulation in the original complaint was sufficient to establish that plaintiffs could not recover more than the jurisdictional amount as a matter of law. Other Sections of this Court are in concurrence with this finding. See Davis v. State Farm Fire & Casualty, 2006 WL 1581272 (E.D. La. June 7, 2006)(Vance, J.)(consolidated with 06-0569, 06-0830, 06-0831, 06-1090, 06-1091, 06-1092, 06-1292, and 06-1597). Therefore, this Court has no

3

subject matter jurisdiction to hear the case.

Accordingly, the plaintiff's motion to remand is GRANTED. The case is hereby remanded to state court.

New Orleans, Louisiana, November 30, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE